IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MORGAN STANLEY SMITH  :
BARNEY LLC,

    Plaintiff,

    v.  :    Case No. 3:19-cv-327

RICHARD "RIP" HALE,      JUDGE WALTER H. RICE

    Defendant.  :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO REMAND AND FOR FEES (DOC. #6); OVERRULING AS MOOT CLAIMANT'S MOTION TO CONSOLIDATE CASES, TO SET AN EXPEDITED BRIEFING SCHEDULE ON MOTION TO VACATE ARBITRATION AWARD AND FOR ORAL ARGUMENT (DOC. # 8); CAPTIONED CAUSE REMANDED TO THE MONTGOMERY COUNTY COURT OF COMMON PLEAS; PLAINTIFF TO SUBMIT AN AFFIDAVIT OF ATTORNEY FEES AND COSTS INCURRED IN THIS PROCEEDING WITHIN TWENTY-ONE DAYS OF THE FILING OF THIS DECISION AND ENTRY AND DEFENDANT TO FILE HIS RESPONSE TWENTY-ONE DAYS THEREAFTER; ATTORNEY FEES AND COSTS TO BE DETERMINED POST JUDGMENT; JUDGMENT TO BE ISSUED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT, REMANDING THE CAPTIONED CAUSE TO THE MONTGOMERY COUNTY COURT OF COMMON PLEAS; TERMINATION ENTRY

---

This matter is before the Court pursuant to a Motion to Remand and for Fees ("Motion to Remand"), Doc. #6, filed by Morgan Stanley Smith Barney LLC, doing business as Morgan Stanley Wealth Management ("MSWM"). Also, before the Court is Defendant Richard "Rip" Hale's Motion to Consolidate Cases, to Set an Expedited Briefing Schedule on Motion to Vacate Arbitration Award[,] and for

Oral Argument ("Motion to Consolidate"), Doc. #8.  Defendant has filed a Response in Opposition to the Motion to Remand, Doc. #10, and MSWM has filed a Reply, Doc. #11. The motions are now ripe for decision.

I. **Motion to Remand (Doc. #6)**

The general removal statute, 28 U.S.C. § 1441(a), permits removal by the "defendant or defendants" of "any civil action brought in State court of which the district courts of the United States have original jurisdiction." Original jurisdiction for federal courts is found in 28 U.S.C. § 1331, federal-question jurisdiction, and in 28 U.S.C. § 1332(a), diversity jurisdiction.  As the removing party, the defendant bears the burden of demonstrating federal jurisdiction. *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (citing *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).  The "removal statute should be strictly construed with all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)). The allegations of the complaint determine whether a case is removable. *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S. Ct. 237(1918).

Defendant asserts in his Notice of Removal, Doc. #1-1, that this Court has original jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.  He contends that the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. *Id.*, PAGEID#98. The Civil

2

Cover Sheet filed by Defendant indicates that he is a citizen of Ohio. Doc. #1, PAGEID#1.

28 U.S.C. § 1441(b)(2) states that "[A] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because Defendant is a citizen of Ohio, removal is not permitted on the basis of diversity jurisdiction.

Defendant also asserts in his Notice of Removal that original jurisdiction exists because a federal question is presented under 28 U.S.C. § 1331. He contends that MSWM claims that the arbitration award should be confirmed under the Federal Arbitration Act, 9 U.S.C. § 9. As such, Defendant argues that removal is appropriate under 28 U.S.C. § 1441(c).

The Federal Arbitration Act, however, does not create an independent basis for federal jurisdiction. "The [Federal Arbitration Act] is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 ... or otherwise." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25, n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Ford v. Hamilton Inv.*, 29

3

F.3d 255, 257-58 (6th Cir. 1994)("It is equally clear that §9 of the [Federal Arbitration Act] does not create subject matter jurisdiction.")[1]

Defendant's final argument is that subject matter jurisdiction exists and removal is appropriate because he has an "age discrimination claim under the federal Age Discrimination in Employment Act." Doc. #10, PAGEID#197. This claim is not asserted as a basis for jurisdiction in his Notice of Removal. Even if Defendant had asserted such a claim, this creates no federal-question jurisdiction. *Collins v. Blue Cross Blue Shield of Michigan*, 103 F.3d 35 (6th Cir.1996) (confirmation of arbitration award involving claim under the ADA did not create subject matter jurisdiction in federal court).

Because the Federal Arbitration Act does not create independent federal-question jurisdiction under 28 U.S.C. § 1331, and, further, because 28 U.S.C. § 1441(b)(2) does not permit removal where the defendant is a citizen of the state in which such action is brought, the Motion to Remand is sustained.

MSWM also requests attorney fees and costs under 28 U.S.C. §1447(c), citing *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 913-15 (6th Cir. 2007). It argues that, like the defendant in *Chase Manhattan*, Defendant lacked an

---

[1] Although Defendant cites to the "Federal Arbitration Act, 9 U.S.C. § 9" in his Notice of Removal, Doc. #1-1, PAGEID#98, his Response to the Motion to Remand, Doc. #10, PAGEID#196, argues that the "basis for Mr. Hale's federal question jurisdiction argument is **§10 of the FAA, not §9.**"(emphasis in original). "It is well established, however, that § 10 of the Arbitration Act does not constitute a grant of subject matter jurisdiction." *Ford*, 29 F.3d at 258.

4

"objectively reasonable basis for seeking removal." *Id.* at 914.  In *Chase Manhattan*, the defendants were in-state citizens in a case that alleged only a state law foreclosure claim.  As such, 28 U.S.C. § 1441(b) barred the defendants from arguing diversity jurisdiction and there was no federal-question jurisdiction on the face of the complaint.

For the reasons stated earlier in this Decision, the Court finds that Defendant herein lacks a similar "objectively reasonable basis for seeking removal." Because Defendant is a citizen of Ohio, 28 U.S.C. § 1441(b)(2) does not permit removal under § 1332, diversity of citizenship.  Additionally, there is no federal-question jurisdiction since it is well-established that the Federal Arbitration Act does not confer jurisdiction. *Mercury Constr.*, 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32; *Ford*, 29 F.3d 258.

Accordingly, Plaintiff's request for attorney fees and costs, pursuant to 28 U.S.C. § 1447(c), is sustained. The amount of said fees and costs will be determined post-judgment. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 102 S. Ct. 1162 (1982) (award of attorney fees by district court post-judgment is not a "motion to alter or amend" the judgment under Fed. R. Civ. P. 59(e)).

## II. Motion to Consolidate Cases, to Set an Expedited Briefing Schedule on Motion to Vacate Arbitration Award and for Oral Argument (Doc. #8)

Defendant seeks to consolidate this case with Case No. 3:19-cv-229, *Richard "Rip" Hale, Claimant v. Morgan Stanley, Respondent*, United States District Court, Southern District of Ohio, Western Division. On March 13, 2020, however, this Court sustained the Respondent's Motion to Dismiss Claimant's Motion to Vacate. Doc. #16. Accordingly, Defendant's Motion to Consolidate is overruled as moot.

## III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand and for Fees, Doc. #6, is SUSTAINED. Defendant's Motion to Consolidate Cases, to Set an Expedited Briefing Schedule on Motion to Vacate Arbitration Award and for Oral Argument, Doc. #8, is OVERRULED as moot.

Plaintiff's request for attorney fees and costs, pursuant to 28 U.S.C. § 1447(c), will be determined post-judgment. Within twenty-one (21) days from the date of the filing of this Decision and Entry, Plaintiff is to submit an affidavit, detailing the attorney fees and costs incurred in this proceeding. Defendant to file its response to Plaintiff's filing twenty-one days thereafter.

The captioned cause is remanded to the Montgomery County Court of Common Pleas with judgment to be issued in favor of Plaintiff and against

6

Defendant, remanding the captioned cause to the Montgomery County Court of Common Pleas.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 20, 2020

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE