UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MORGAN STANLEY,

    Plaintiff,

Case No. 3:19-cv-327

vs.

RICHARD "RIP" HALE,

    Defendant.

District Judge Michael J. Newman

---

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING HIS MOTION FOR RECONSIDERATION (Doc. No. 23); AND (2) CLARIFYING THAT THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

This matter is before the Court on Defendant Richard "Rip" Hale's ("Hale") motion for reconsideration under Fed. R. Civ. P. 60(b) of this Court's order denying his motion for reconsideration of Judge Walter H. Rice's October 20, 2020 order. Doc. No. 23. Plaintiff Morgan Stanley ("Morgan Stanley") submitted its brief in opposition (Doc. No. 24), and Hale replied (Doc. No. 25). This matter is ripe for review.

One arbitration award produced two cases. In the present case, Morgan Stanley filed a motion in state court to confirm the arbitration award. *See* Application to Confirm Arbitration Award, *Morgan Stanley v. Hale*, 2019 CV 04557 (Mont. C.P. Ct. Oct. 2, 2019). Hale attempted to remove it to federal court. *See, e.g.*, *Morgan Stanley v. Hale*, No. 3:19-cv-327, Doc. No. 1 (S.D. Ohio Oct. 16, 2019). Judge Walter H. Rice remanded the case and awarded Morgan Stanley attorney's fees for the inconvenience. Doc. No. 12. Case two saw this Court dismiss Hale's motion to vacate—filed in this Court in 2019—the arbitration award and dismiss his complaint with prejudice. *See, e.g.*, *Hale v. Morgan Stanley*, --- F. Supp. 3d ---, 2021 WL 5299790, at *9–

11 (S.D. Ohio Nov. 15, 2021). Hale's appeal is pending. This present motion involves the motion to confirm and Hale's motion for reconsideration of Judge Rice's order to remand and award attorney's fees.[1]

Morgan Stanley dismissed its motion to confirm the underlying arbitration award upon remand to state court. *See* Plaintiff's Notice of Voluntary Dismissal with Prejudice, *Morgan Stanley v. Hale*, 2019 CV 04557 (Mont. C.P. Ct. Apr. 30, 2021). To the extent Hale renews his request to overrule Judge Rice's order remanding a case that no longer exists, this is **DENIED AS MOOT**.

Moreover, Judge Rice properly awarded Morgan Stanley attorney's fees because Hale lacked an objectively reasonable basis for removal. Hale—an Ohioan—removed this case to a federal court in Ohio, so diversity jurisdiction could not serve as a basis for removal. *See* 28 U.S.C. § 1447(c); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (district court could award attorney's fees on remand where defendants were Ohio citizens and removed to the Southern District of Ohio). Nor could he remove based on federal question jurisdiction, since the Federal Arbitration Act does not confer it. *See, e.g.*, *Badgerow v. Walters*, --- U.S. ---, 142 S. Ct. 1310, 1316 (2022); *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). While he conflates this case (the motion to confirm) with the case before the Sixth Circuit (the motion to vacate), this does not alter the conclusion: he lacked an objectively reasonable basis to remove the motion to confirm, so Judge Rice's award was justified. *Compare Morgan Stanley v. Hale*, No. 3:19-cv-327, Doc. No. 12 (S.D. Ohio Oct. 16, 2019) (the current case addressing the motion to vacate arbitration award), *with Hale v. Morgan Stanley*, No. 3:19-cv-229, Doc. No. 1 (S.D. Ohio Aug. 2, 2019) (the dismissed case addressing the motion to confirm arbitration award).

---

[1] Judge Rice also denied Hale's motion to consolidate the two cases at issue here. *See* Doc. No. 12 at PageID 615.

3

Finally, Hale's Rule 11 motion remains meritless. Morgan Stanley's argument and Judge Rice's conclusion about subject matter jurisdiction (in the separate case addressing the motion to vacate) were legally defensible. *See, e.g.*, *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 895–96 (6th Cir. 2020) (noting that lawyers who make reasonable legal arguments that prove to be wrong do not violate Rule 11). Therefore, Hale's motion is **DENIED**. This case remains **TERMINATED** on the docket.

    **IT IS SO ORDERED.**

June 28, 2022                          s/Michael J. Newman
                                                         Hon. Michael J. Newman
                                                         United States District Judge